Lihang LI, Petitioner,

v.

Alberto GONZALES,* Respondent.

No. 04–3343–AG.

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Lonnie F. Bryan, Assistant United States Attorney, for Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Minneapolis, Minn., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY, District Judge.**

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Petitioner Lihang Li ("Li"), a native and citizen of the People's Republic of China, petitions for review of a May 27, 2004 Board of Immigration Appeals ("BIA") decision affirming, without opinion, the April 14, 2003 decision of an Immigration Judge ("IJ") to deny Li's petition for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. Li based her claim for relief on her illegal exit from China and the risk that if returned to that nation, she would face detention and torture as a penalty for illegal emigration. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

To establish a claim for relief under the CAT, Li had to prove that if returned to China, "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)). In reaching the conclusion that Li had not carried her burden under the CAT, the IJ made two errors: (1) the IJ dismissed Li's testimony about her uncle's detention for unlawful emigration as insufficiently detailed and uncorroborated, "without discussing whether such corroboration would have been obviously material and reasonably available," *Poradisova v. Gonzales,* 420 F.3d 70, 79 (2d Cir.2005), or taking into account background evidence in the record that confirmed the petitioner's description of her uncle's experiences; and (2) she erroneously applied BIA precedent on the intent required for a given act to satisfy the definition of torture.

Despite these concerns, "the evidence so overwhelmingly supports" the IJ's ultimate conclusion—that Li had not shown the requisite probability of torture upon her return to China—that "notwithstanding identified errors, there is no realistic possibility of a different result on remand." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). We recently refused to disturb the denial of CAT relief in a substantially similar case where the petitioner relied on background evidence documenting the same country conditions and could not offer particularized evidence of the likelihood of torture upon return to China. *See Mu Xiang Lin,* 432 F.3d at 159–60.

We have considered all of Li's arguments and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

---

** The Honorable Christopher F. Droney, United States District Judge for the District of Connecticut, sitting by designation.